# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SCOTT SIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0237-KSJM |
| | ) | |
| HERTZ GLOBAL HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| J. JEFFREY ZIMMERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0240-KSJM |
| | ) | |
| HERTZ GLOBAL HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ELYSE DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 2019-0243-KSJM |
| HERTZ GLOBAL HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| MARK P. FRISSORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2019-0246-KSJM |
| | ) | |
| HERTZ GLOBAL HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING ENTRY OF FINAL JUDGMENT AND CERTIFICATION OF INTERLOCUTORY APPEAL

1.     This Order resolves an issue not previously addressed directly by this Court:  In the ordinary case, should a defendant be permitted immediate appellate review of a decision granting entitlement to advancement, although disputes concerning the reasonableness of advancement fees remain unresolved?

2.     Defendant Hertz Global Holdings, Inc. ("Hertz") filed a motion for entry of a final judgment pursuant to Court of Chancery Rule 54(b) or certification of an interlocutory appeal[1] from a May 14, 2019 bench ruling (the "Ruling")[2] and four May 23, 2019 orders (one for each plaintiff) implementing the Ruling (the "Advancement Orders").[3]  The Ruling held that the plaintiffs are entitled to advancement under Hertz's bylaws.  This is an ordinary case.  The summary judgment motions on the issue of entitlement presented no truly novel or complicated issues; the outcome hinged on well-settled law concerning the "by reason of the fact" standard.[4]  The Advancement Orders memorialized the Ruling

---

[1] C.A. No. 2019-0237-KSJM Docket ("Dkt.") 29; C.A. No. 2019-0240-KSJM Dkt. 29; C.A. No. 2019-0243-KSJM Dkt. 26; C.A. No. 2019-0246-KSJM Dkt. 30 (collectively, "Hertz's Motions").

[2] C.A. No. 2019-0237-KSJM Dkt. 31; C.A. No. 2019-0240-KSJM Dkt. 31; C.A. No. 2019-0243-KSJM Dkt. 28; C.A. No. 2019-0246-KSJM Dkt. 32.

[3] C.A. No. 2019-0237-KSJM Dkt. 28; C.A. No. 2019-0240-KSJM Dkt. 28; C.A. No. 2019-0243-KSJM Dkt. 25; C.A. No. 2019-0246-KSJM Dkt. 29.

[4] Ruling at 55:15–56:9 ("The only element truly disputed by the parties concerning plaintiffs' entitlement to advancement is whether the plaintiffs meet the 'by reason of the fact' standard.  Every case for advancement presents a slightly new wrinkle.  . . . These

1

and further set in place a monthly process, consistent with that established in *Danenberg v. Fitracks, Inc.*,[5] for making and objecting to advancement demands.

3. Court of Chancery Rule 54(b) provides that "[w]hen more than 1 claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the Court may direct the entry of a final judgment upon 1 or more but fewer than all of the claims or parties only upon an express determination that there is not just reason for delay and upon an express direction for the entry of judgment."[6] Thus, to grant Hertz's motion, "the Court must find that (1) the action involves multiple claims or parties, (2) at least one claim or the rights and liabilities

---

new wrinkles do not convert every advancement action into an issue of first impression. Determining whether the 'by reason of the fact' standard has been met in this case requires the Court to apply a very well-settled line of cases interpreting that language.").

[5] 58 A.3d 991, 1003 (Del. Ch. 2012). The "*Fitracks* Order," as it has come to be known, put in place a monthly process for demanding advancement and resolving disputes concerning the reasonableness of amounts demanded. All current members of this Court have since endorsed Vice Chancellor Laster's welcome innovation. *See, e.g., Thompson v. Orix USA Corp.*, 2016 WL 3405744 (Del. Ch. June 20, 2016) (ORDER) (Bouchard, C.); *Pulier v. Comput. Scis. Corp.*, C.A. No. 12005-CB (Del. Ch. May 27, 2016) (ORDER) (Bouchard, C.); *Konstantino v. AngioScore, Inc.*, 2014 WL 4744015 (Del. Ch. Sept. 22, 2014) (ORDER) (Bouchard, C.); *Dodelson v. AC Holdco, Inc.*, C.A. No. 2019-0029-SG (Del. Ch. June 6, 2019) (ORDER) (Glasscock, V.C.); *Ferri v. Ferri Enters., Inc.*, 2017 WL 2800747 (Del. Ch. June 28, 2017) (ORDER) (Montgomery-Reeves, V.C.); *Davis v. EMSI Hldg. Co.*, 2017 WL 1732386 (Del. Ch. May 24, 2017) (ORDER) (Slights, V.C.); *Nielson v. EBTH Inc.*, C.A. No. 2019-0164-MTZ, at 52:17–24 (Del. Ch. June 7, 2019) (TRANSCRIPT) (Zurn, V.C.) (endorsing a *Fitracks* procedure in colloquy with counsel); *Alafi v. Cohen*, C.A. No. 2018-0855-KSJM (Del. Ch. June 10, 2019) (ORDER) (McCormick, V.C.); *Murphy v. Murphy O'Brien East Village LLC*, C.A. No. 2019-0045-KSJM (Del. Ch. May 29, 2019) (ORDER) (McCormick, V.C.). *See also Holley v. Nipro Diagnostics, Inc.*, 2015 WL 116155 (Del. Ch. Mar. 13, 2015) (ORDER) (Parsons, V.C.).

[6] Ct. Ch. R. 54(b).

2

of at least one party has been finally decided, and (3) . . . there is no just reason for delaying an appeal."[7]

4.     Hertz's motion fails on the third element of this standard.  Although "[a] determination of whether there is just reason for delaying an appeal is addressed to the sound discretion of the Court,"[8] the "long established policy against piecemeal appeals requires that this Court exercise that discretion sparingly.  Indeed, Rule 54(b) exists to create 'a discretionary power to afford a remedy in the *infrequent harsh case* . . . .'"[9]  Rule 54(b) is not an invitation for this Court to flood the Supreme Court's docket.[10]

---

[7] *Opportunity P'rs L.P. v. Hill Int'l, Inc.*, 2015 WL 3765353, at *2 (Del. Ch. June 16, 2015).

[8] *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1 (Del. Ch. Sept. 26, 1989) (citation omitted).

[9] *Id.* (emphasis added) (quoting *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) (omission in original)).  *See also REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *5 (Del. Ch. Feb. 28, 2018) (denying Rule 54(b) motion where issue of "damages and attorneys' fees" had not yet been adjudicated).

[10] *See Gatz v. Ponsoldt*, 2004 WL 3031203, at *2 (Del. Ch. Dec. 29, 2004) (denying motion for entry of partial final judgment and noting: "If this Court were to exercise its discretion under Rule 54(b) every time a derivative claim was dismissed and the direct claims survived, the rule would cease to serve the 'infrequent harsh case' and would become a procedure commonly employed." (internal footnote omitted)); Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.03 (2d ed. 2018) ("The Court weighs the potential harm that may result absent an immediate appeal against the risk of piecemeal appeals and the resulting inefficiencies and burdens on the Delaware Supreme Court.").

5.     To argue the third element, Hertz contends that advancement rights include meaningful timing issues[11]—the right to payments "*in advance* of the final disposition" of the proceedings giving rise to the claims.[12] To Hertz, this timing cuts both ways: Just as it is critical for a Court to deem a claimant entitled to advancement on an expedited basis, it is critical for the Court to permit Hertz to press its appellate arguments before being compelled to make such payments.[13] Hertz emphasizes its concern that payment of what it believes is unwarranted advancement will result in irreparable harm, particularly if the plaintiffs are unable to repay the amounts advanced in the event Hertz prevails in the underlying litigation.[14]

6.     Hertz's argument ignores the frequency with which this issue arises. This litigation followed the form of most advancement disputes before this Court.

---

[11] Hertz's Mots. ¶ 4.

[12] 8 *Del. C.* § 145(e) (emphasis added); *see also Sun-Times Media Gp., Inc. v. Black*, 954 A.2d 380, 397 (Del. Ch. 2008) ("[A]dvancement through the final disposition of a proceeding is best read as temporally connected to the 'ultimate determination' of entitlement to indemnification, which only becomes ripe once the underlying proceeding is truly final."); 1 R. Franklin Balotti & Jesse A. Finkelstein, *The Delaware Law of Corporations & Business Organizations* § 4.12[D] (3d ed. 2019) ("Section 145(e) provides for the advancement of attorneys' fees and other legal expenses to officers and directors in connection with defending any civil, criminal, administrative, or investigative proceedings. Such expenses may be paid 'in advance of the final disposition' of the proceeding, which refers to the 'final, non-appealable conclusion of a proceeding.'" (internal footnotes omitted)).

[13] Hertz's Mots. ¶ 4.

[14] *Id.*

4

The Court first resolved on a paper record (as is the preferred course[15]) the issue of entitlement to advancement, and then set forth a procedure for presenting and resolving disputes over the reasonableness of requested fees and expenses.[16] The situation in which Hertz now finds itself is not unique to Hertz; nor are the arguments Hertz makes for relief under Rule 54(b). Rather, Hertz's concern—that absent immediate appeal, it will pay advancement that it may later be unable to recoup through indemnification proceedings—is one shared by the many litigants declared obligated to pay advancement during the entitlement phase. If this Court were to exercise its discretion under Rule 54(b) every time a plaintiff was held to be entitled

---

[15] *See generally Charney v. Am. Apparel, Inc.*, 2015 WL 5313769, at *1 n.1 (Del. Ch. Sept. 11, 2015) (resolving a dispute concerning entitlement to advancement on facts drawn from the pleadings and motion for summary judgment exhibits); *O'Brien v. IAC/Interactive Corp.*, 2009 WL 2490845, at *9 (Del. Ch. Aug. 14, 2009) ("Advancement disputes are particularly appropriate for decision on summary judgment, as in most cases the relevant question turns on the application of the terms of the corporate instruments setting forth the purported right to advancement and the pleadings in the proceedings for which advancement is sought. . . . Thus, if the contractual instrument unambiguously grants advancement, summary judgment is appropriate." (internal quotation marks and citations omitted)); *Weinstock v. Lazard Debt Recovery GP, LLC*, 2003 WL 21843254, at *2 (Del. Ch. Aug. 8, 2003) ("As in most advancement disputes, summary judgment practice is an efficient and appropriate method to decide this case, as the relevant question turns on the application of the terms of the corporate instruments setting forth the purported right to advancement and the pleadings in the proceedings for which advancement is sought.").

[16] This case did not involve a third-party or cross-claim for contribution or litigable affirmative defenses, both of which are infrequent. *See, e.g., Konstantino v. AngioScore, Inc.*, 2015 WL 5770582, at *11 (Del. Ch. Oct. 9, 2015) (addressing third-party claims for contribution in advancement action); *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 208 (Del. 2005) (addressing on appeal laches and capacity affirmative defenses asserted against advancement claim); *Nakahara v. NS 1991 Am. Tr.*, 739 A.2d 770, 791 (Del. Ch. Mar. 20, 1998) (finding unclean hands defeats advancement claim).

5

to advancement, "the rule would cease to serve the 'infrequent harsh case' and would become a procedure commonly employed."[17]

7.  Hertz rightly notes that Delaware's procedural process governing advancement presents a lopsided dynamic favoring advancement claimants. In my view, this dynamic is consistent with Delaware policy—it should be easier to turn the "advancement spigot" on than to turn it off.[18] In short, "[t]he policy of Delaware favors advancement when it is provided for, with the Company's remedy for improperly advanced fees being recoupment at the indemnification stage,"[19] or on appeal after issues of reasonableness have been finally resolved.[20]

---

[17] *Gatz v. Ponsoldt*, 2004 WL 3031203, at *2 (Del. Ch. Dec. 29, 2004) (denying motion for entry of partial final judgment as to dismissal of derivative claim).

[18] *Sun-Times Media Gp., Inc. v. Black*, 954 A.2d 380, 402 (Del. Ch. 2008) (coining the phrase "advancement spigot"). *See also Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *3 (Del. Ch. May 26, 2005) ("[T]he immediate advancement of fees fulfills a real and legitimate need of those who serve as directors and officers of Delaware corporations when faced with significant costs of defending legal actions against them. Clearly, to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford. To grant Homestore's motion [to stay the advancement order pending appeal] would allow it to continue to be derelict in its contractual protection of its directors/officers, and that would force its directors/officers to compromise their own litigations in the face of cost concerns, a result that is clearly against Delaware's policy of resolving advancement issues as quickly as possible." (internal footnote omitted)).

[19] *Mooney v. Echo Therapeutics, Inc.*, 2015 WL 3413272, at *6 (Del. Ch. May 28, 2015).

[20] *See, e.g.*, *Tafeen*, 888 A.2d 204, 206 (Del. 2005) (considering "appeal from a final judgment" in an advancement proceeding where the Court of Chancery had rendered a post-trial decision holding that the plaintiff was entitled to advancement and a decision affirming, with one exception, a special master's report regarding the reasonableness of the plaintiff's advancement request).

8.     Because Hertz's situation is not "infrequent," it does not present the rare instance in which this Court will grant Rule 54(b) relief.  Hertz's motion for entry of a final judgment pursuant to Court of Chancery Rule 54(b) is DENIED.

9.     Supreme Court Rule 42 permits certification of interlocutory appeals when "the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[21]  If the "substantial issue" requirement is met, this Court will then analyze whether "there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[22]  The rule recognizes eight factors relevant to this balancing assessment.[23]

10.    The Ruling and Advancement Orders resolve a "substantial issue," because entitlement to advancement speaks directly to the merits of the plaintiffs' claims, not collateral matters.[24]  On balance, however, the benefits of permitting

---

[21] Supr. Ct. R. 42(b)(i).

[22] Supr. Ct. R. 42(b)(ii).

[23] Supr. Ct. R. 42(b)(iii)(A)–(H).  In opposition to the plaintiffs' request for partial summary judgment, Hertz argued that the plaintiffs' claims raised an issue of first impression.  C.A. No. 2019-0237-KSJM, Dkt. 23 at 1; C.A. No. 2019-0240-KSJM Dkt. 23 at 1; C.A. No. 2019-0243-KSJM Dkt. 18 at 1; C.A. No. 2019-0246-KSJM Dkt. 23 at 1.  The Ruling rejected that argument, noting that resolution of the plaintiffs' motion involved application of "well-settled" law concerning the "by reason of the fact" standard, not new issues of Delaware law.  Ruling at 55:15–56:9.

[24] *See Pontone v. Milso Indus. Corp.*, 2014 WL 4967228, at *2 (Oct. 6, 2014) (finding that an order granting partial advancement determined a "substantial issue" under Delaware Supreme Court Rule 42); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order

interlocutory appeal from the Rulings and Advancement Orders do not outweigh the costs. Ignoring all but the eighth "substantial benefits" factor, Hertz repackages its Rule 54(b) argument to contend that "review of the interlocutory order may serve the considerations of justice."[25] As discussed above, Delaware's reluctance to permit piecemeal appeals is not overcome by Hertz's generic "timing" argument common to many litigants before this Court.[26]

11. Hertz's request for certification of interlocutory appeal pursuant to Supreme Court Rule 42 is also DENIED.

_Kathaleen St. J. McCormick_

Vice Chancellor McCormick
Dated: June 17, 2019

---

decides a main question of law which relates to the merits of the case, and not to collateral matters.").

[25] Hertz's Mots. ¶ 7 (citing Supr. Ct. R. 42(b)(3)(H)).

[26] Research uncovered one decision in which this Court certified interlocutory appeal from a decision granting entitlement to advancement—*Pontone*. Unlike the present case, *Pontone* involved issues of Delaware law that were novel and on which this Court's jurisprudence lacked clarity. 2014 WL 4967228, at *4 ("A decision clarifying when counterclaims are advanceable would avoid unnecessary litigation and resolve at least some potential advancement disputes before they occur. . . . Thus, an interlocutory appeal may be the most effective method of ensuring resolution of the important questions the parties have moved to certify.").

8